STATE OF NORTH CAROLINA v. HAROLD O. MORGAN

No. 764SC355

(Filed 6 October 1976)

1. Bastards § 10.5— preliminary action to determine paternity — blood grouping test requested — continuance proper

It would seem that in a preliminary proceeding to determine the paternity of an unborn child a continuance until the birth of the child would be required when a defendant requests a blood grouping test under G.S. 49-7.

2. Bastards § 3— unborn child — wilful neglect to support — trial improper — action to establish paternity proper

Where the mother of an unborn child alleged that defendant was the father of the child and that he failed to provide support and financial aid, the trial court was without power to try defendant for wilfully neglecting his illegitimate child, since defendant could not be tried for that offense prior to birth of the child; however, the

State v. Morgan

court could proceed to determine the issue of paternity, though the mother's affidavit was filed and the arrest warrant for defendant was issued prior to the child's birth.

3. **Bastards § 10.5— action to establish paternity — showing child to jury — no error**

In a proceeding to determine the paternity of an illegitimate child, the trial court did not abuse its discretion in permitting the child in question to appear in the courtroom with his mother, nor in permitting the district attorney to ask defendant questions concerning the child's features and thereby to exhibit the child to the jury.

APPEAL by defendant from *James, Judge.* Finding entered 5 December 1975 in Superior Court, ONSLOW County. Heard in the Court of Appeals 14 September 1976.

After appeal from district court defendant was tried *de novo* in superior court upon the original warrant. Only one issue was submitted to the jury in superior court: "Is the defendant, Harold O. Morgan, the father of Stacy Andrew Riggleman, born of the body of Edna Riggleman on October 16, 1975? ANSWER: Yes."

Defendant appealed.

*Attorney General Edmisten, by Special Deputy Attorney General Robert P. Gruber, for the State.*

*Cameron and Collins, by E. C. Collins, for the defendant.*

BROCK, Chief Judge.

[1] The child in this case (Stacy Riggleman) was born 16 October 1975. The original warrant, upon which defendant was tried in superior court, was issued on 28 May 1975. For the purpose of determining the issue of paternity, this is permissible. General Statute 49-5 provides: "Preliminary proceedings under this Article to determine the paternity of the child may be instituted prior to the birth of the child but when the judge or court trying the issue of paternity deems it proper, he may continue the case until the woman is delivered of the child." It would seem that in such a preliminary proceeding a continuance until the birth of the child would be required when a defendant requests a blood-grouping test under G.S. 49-7. "There can be no doubt that a defendant's right to a blood test is a substantial right and that, upon defendant's motion, the court must order the test when it is possible to do so." *State v. Fowler*, 277 N.C.

---

---

305, 177 S.E. 2d 385 (1970). The 1975 amendment to G.S. 8-50.1 amplifies the importance of this right to a blood-grouping test.

In the case presently before us the trial in superior court was held after the birth of the child, and the defendant was accorded a blood-grouping test. Therefore, the judgment in the district court requiring the defendant to pay support prior to the birth of the child is of no effect.

The affidavit upon which the warrant was issued in the present case reads:

> "The undersigned, Edna Earl Riggleman, being duly sworn, complains and says that at and in the county named about (sic) and on or about the 28th day of May, 1975, the defendant named above did unlawfully, wilfully neglect to give any support or financial aid to Edna Earl Riggleman who is now pregnant for Five (5) months with his illegitimate child and did Fail to give aid or support after the demand on May 27, 1975 and on other Previous occasions."

Upon the foregoing affidavit, on 28 May 1975 the court issued its order directed to an officer, commanding him "forthwith to arrest the defendant named above and bring him before District Court, to be dealt with according to law."

The pertinent procedural facts of this case are almost identical to those in *State v. Robinson*, 245 N.C. 10, 95 S.E. 2d 126 (1956), and the holding there is controlling in this case. In *Robinson* an arrest warrant was issued upon the affidavit dated 13 December 1950. The child in *Robinson* was born 17 December 1950. The affidavit stated ". . . on or about 12 day of April 1950, John Robinson with force and arms, at and in the county aforesaid, did wilfully, maliciously, unlawfully beget upon the body of Myrtle Christmas a child yet unborn and did fail to provide medical care for the said Myrtle Christmas against the Statute . . ." In *Robinson* the Court held, *inter alia*, as follows: "The mother filed an affidavit specifically charging the defendant with being the father of her unborn child. The fact that the affidavit also stated that the defendant had failed to provide medical care for affiant neither weakens nor strengthens the charge defendant was required to answer . . . When the affidavit was filed and the warrant of arrest issued, de-

State v. Morgan

fendant had not committed the statutory offense of wilfully neglecting his illegitimate child. (Citations omitted.) The crime had been committed when the case was tried. The court was, however, without power to try the defendant for the crime, but lack of authority to pass on the guilt of the defendant because of the date of the complaint did not impair the authority of the court to proceed to determine the issue of paternity."

[2]   The same is true in the present case. The mother filed an affidavit specifically charging the defendant with being the father of her unborn child. This is the charge he was required to answer. The additional allegations of failure to give financial aid to the mother are surplusage. They neither weaken nor strengthen the charge defendant was required to answer. General Statute 49-5 specifically provides for preliminary proceedings to determine the issue of paternity. The alleged father is given the right of appeal from an adverse finding.

In the present case the only finding made in the superior court was on the issue of paternity. The evidence was ample to support the verdict.

[3]   Defendant complains that the child in question was permitted to be within the bar with the mother and her seventeen year old daughter. He also complains that the district attorney was permitted to ask defendant questions concerning the child's features and to thereby exhibit the child to the jury. The trial judge overruled defendant's objections on these points. We see no improper conduct on the part of the mother or the district attorney, and we find no abuse of discretion on the part of the trial judge.

In our opinion defendant had a fair trial free from prejudicial error.

No error.

Judges VAUGHN and MARTIN concur.